ERIC RICH          \*     IN THE

401 E. Madison Street

Baltimore, Maryland 21202    \*     UNITED STATES

      Plaintiff        \*     DISTRICT COURT

v.

                       \*     FOR THE DISTRICT

DANIEL HERSL, et al

                       \*     OF MARYLAND

      Defendants

                       \*     Case No.: 1:20-cv-00488

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

Defendant Daniel Hersl (herein after "Defendant" or "Defendant Hersl"), by and through his attorneys W. Timothy Sutton, Esquire and the Law Offices of James E. Crawford Jr. and Associates, LLC, hereby submits this Answer to Plaintiff's First Amended Complaint and Jury Trial Demand, and states as follows:

### FIRST DEFENSE

Defendant reserves the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. R. 8(c).

### SECOND DEFENSE

Defendant denies each and every allegation contained in Plaintiff's First Amended Complaint ("the Complaint") except as hereinafter may be expressly admitted.

### THIRD DEFENSE

Plaintiff, Eric Rich ("Plaintiff"), has failed to state a claim as a matter of law.

\*      \*      \*

1

## DEFENDANT'S RESPONSES TO THE NUMBERED PARAGRAPHS

In response to the Complaint, all allegations in the Complaint, including relief sought, are denied except when specifically admitted. Defendant admits, denies, or otherwise avers as follows:

### INTRODUCTION[1]

Plaintiff's Introduction contains numerous allegations against all Defendants; to the extent a response is required from Defendant Hersl, Defendant denies all allegations against him. Defendant Hersl admits that Plaintiff has brought a suit seeking compensatory and punitive damages, as well as other relief, but avers that Plaintiff is not entitled to any relief.

### PARTIES

1. Defendant admits to the statement contained in Paragraph 1.

2. In response to the first two sentences of Paragraph 2, Defendant admits statements regarding his employment. In response to the statutes for which Plaintiff is filing suit against Defendant, Defendant denies any unlawful conduct.

3. Defendant admits to the statement contained in Paragraph 3.

4. Defendant admits to the statement contained in Paragraph 4.

5. In response to the first clause of Paragraph 5, Defendant admits that Plaintiff is pursuing state claims against BPD; however, Defendant denies any unlawful conduct.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

6. In response to Paragraph 6, Defendant admits to the supervisory role of BPD but the remainder of the allegations in Paragraph 6 are Plaintiff's legal conclusions to which no response is required; to the extent a response is deemed required, the remaining allegations are denied.

7. Defendant is without sufficient knowledge or information to form a belief as to the legal conclusions alleged in Paragraph 7, and on that basis denies them.

8. Paragraph 8 contains information about another defendant to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 8.

9. Paragraph 9 contains information about another defendant to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 9.

10. Paragraph 10 contains information about another defendant to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 10.

11. Paragraph 11 requires no response from Defendant Hersl.

12. Paragraph 12 contains information about other defendants to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 12.

13. Paragraph 13 contains allegations about other defendants to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant denies to the allegations in Paragraph 11.

14. Defendant is without sufficient knowledge or information to form a belief as to the legal conclusions alleged in Paragraph 14, and on that basis denies them.

15. Paragraph 15 contains information about another defendant to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 15.

16. Paragraph 16 contains information about another defendant to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 16.

17. Paragraph 16 contains information about other defendants to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 16.

18. Paragraph 18 contains information about another defendant to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 18.

19. Paragraph 19 requires no response from Defendant Hersl.

20. Defendant is without sufficient knowledge or information to form a belief as to the legal conclusions alleged in Paragraph 20, and on that basis denies them.

21. Defendant is without sufficient knowledge or information to form a belief as to the legal conclusions alleged in Paragraph 21, and on that basis denies them.

22. Paragraph 22 contains legal conclusions about other defendants to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant admits to the statements in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

## JURISDICTION AND VENUE

24. Defendant Hersl repeats, adopts, and incorporates by references the above paragraphs of this Answer, as if fully set forth herein.

25. Paragraph 25 asserts legal conclusions for which no response is required; to the extent a response is deem required, Defendant denies the allegations in Paragraph 25.

26. Paragraph 26 contains Plaintiff's allegation concerning the jurisdiction for this case to which no response is required; to the extent a response is required, Defendant admits that this Court is a proper jurisdiction for the claims brought.

27. Paragraph 27 contains Plaintiff's allegation concerning venue for this case to which no response is required; to the extent a response is required, Defendant admits that this is a proper venue.

## FACTUAL ALLEGATIONS

28. In response to Paragraph 28, Defendant Hersl incorporates by reference to Paragraphs 1-27 as if set forth fully here.

29. Paragraph 29 contains allegations against other defendants to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant denies the allegations made in Paragraph 29.

30. Paragraph 30 contains allegations against other defendants to which no response is required from Defendant Hersl; to the extent a response is deemed required, Defendant denies the allegations made in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Paragraph 32 requires no response from Defendant Hersl.

## Gary Brown Incident

33. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 33.

34. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 34.

35. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 35.

36. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 36.

37. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 37.

38. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 38.

39. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 39.

40. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 40.

41. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 41.

42. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 42.

43. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 43.

## Gary Clayton Case

44. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 44.

45. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 45.

46. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 46.

47. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 47.

48. Defendant Hersl sufficient knowledge or information to admit or deny the statements contained in Paragraph 48.

49. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 49.

50. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 50.

51. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 51.

## Rakeem Douglas Case

52. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 52.

53. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 53.

54. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 54.

<u>**Kendall English Case**</u>

55. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 55.

56. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 56.

57. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 57.

58. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 58.

59. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 59.

60. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 60.

61. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 61.

62. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 62.

63. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 63.

64. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 64.

65. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 65.

66. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 66.

## United States Department of Justice Investigation into Baltimore City Police Department

67. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 67.

68. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 68, including subparts "a" through "d."

69. Defendant Hersl sufficient knowledge or information to admit or deny the statements contained in Paragraph 69.

70. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 70.

71. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 71.

72. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 72.

73. Defendant Hersl sufficient knowledge or information to admit or deny the statements contained in Paragraph 73.

### Federal Criminal Proceedings Against the Gun Trace Task Force

74. Defendant admits the allegations in Paragraph 74.

75. Paragraph 75 contains a vague factual allegation; to the extent that a response is deemed required, Defendant Hersl denies the allegations in Paragraph 75.

76. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 76.

77. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 77.

78. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 78.

79. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 79.

80. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 80.

81. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 81.

82. Defendant Hersl admits to the statement asserted in Paragraph 82 of the Complaint.

83. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 83, and on that basis denies the allegations in Paragraph 83.

### BPD's Knowledge of Daniel Hersl's Longstanding Misconduct

84. Defendant Hersl denies the allegations alleged in Paragraph 84 of the Complaint but admits that he remained on the force.

85. Paragraph 85 contains a citation to a publicly available document. That document speaks for itself. To the extent that Paragraph 85 contains any allegations, Defendant denies those allegations but admits that he remained on the force.

86. Paragraph 86 contains a citation to a publicly available document. That document speaks for itself. To the extent that Paragraph 86 contains any allegations, Defendant denies those allegations.

87. Paragraph 87, including subparts "a" through "d", contains a citation to a publicly available document. That document speaks for itself. To the extent that Paragraph 87 contains any allegations, Defendant denies those allegations but admits that he remained on the force.

## BPD's Mishandling of Internal Affairs Complaints

88. Paragraph 88 contains a citation to a publicly available document. That document speaks for itself. To the extent that Paragraph 88 contains any allegations, Defendant denies those allegations.

89. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 89, including subparts "a" through "g."

To the extent a response id deemed required, Defendant denies any allegations contained in Paragraph 89, including its subparts.

90. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 90, and on that basis denies the allegations in Paragraph 90.

91. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 91, and on that basis denies the allegations in Paragraph 91.

92. Defendant Hersl lacks sufficient knowledge or information to admit or deny the statements contained in Paragraph 91.

93. Paragraph 93 contains statements to which no response is required; to the extent that a response is deemed required, Defendant Hersl admits that Officers Hendrix, Taylor, Jenkins, and Ward were part of BPD's GTTF with him but lacks sufficient knowledge or information to admit or deny the statements regarding BPD's statements.

94. Paragraph 94 contains a citation to a publicly available document. That document speaks for itself. To the extent that Paragraph 94 contains any allegations, Defendant denies those allegations.

<u>PLAINTIFF'S CASE</u>

95. Defendant Hersl admits to the statement asserted in Paragraph 95.

96. Defendant Hersl admits to the statement asserted in Paragraph 96.

97. Defendant Hersl admits to the statement asserted in Paragraph 97.

98. Defendant Hersl admits to the statement asserted in Paragraph 98.

99. The first sentence of Paragraph 99 asserts a fact about Plaintiff's conversation with his attorney; Defendant Hersl lacks sufficient knowledge or information to admit or deny the first sentence contained in Paragraph 98. Defendant denies the allegations contained in the second sentence of Paragraph 98. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 98.

100. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 100.

101. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 101.

102. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 102.

103. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 103.

104. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 104.

105. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 105.

106. Defendant Hersl lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 106.

## Count I
**(Illegal Arrests in the violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, 1988 - Officer Hersl, in his official and personal capacity)**

107. In response to Paragraph 107, Defendant Hersl incorporates by reference its responses to Paragraphs 1-106 as if set forth fully here.

108. Defendant admits to the statement asserted in Paragraph 108.

109. Defendant denies the allegations asserted in Paragraph 109.

110. Defendant denies the statement asserted in Paragraph 110 of the Complaint.

111. Defendant denies the allegations asserted in Paragraph 111.

112. Defendant denies the allegations asserted in Paragraph 112.

113. Defendant denies the allegations asserted in Paragraph 113.

114. Defendant denies the allegations asserted in Paragraph 114.

<u>Count II</u>
**(False Imprisonment in the violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985, 1988 - Officer Hersl, in his official and personal capacity)**

115. In response to Paragraph 115, Defendant Hersl incorporates by reference its responses to Paragraphs 1-114 as if set forth fully here.

116. Defendant admits to the statement asserted in Paragraph 116.

117. Defendant denies the allegations asserted in Paragraph 117.

118. Defendant denies the allegations asserted in Paragraph 118.

119. Defendant denies the allegations asserted in Paragraph 119.

120. Defendant admits to the statement asserted in Paragraph 120.

121. Defendant denies the allegations asserted in Paragraph 121.

122. Defendant denies the allegations asserted in Paragraph 122.

<u>Count III</u>
**(Malicious Prosecution in the violation of the 4th and 14th Amendments, Pursuant to 42 U.S.C. § 1983, 1985 - Officer Hersl, in his official and personal capacity)**

123. In response to Paragraph 123, Defendant Hersl incorporates by reference its responses to Paragraph 1-122 as if set forth fully here.

124. Defendant admits to the statement asserted in Paragraph 124.

125. Defendant denies the allegations asserted in Paragraph 125.

126. Defendant admits to the statement asserted in Paragraph 126.

127. Defendant lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 127

128. Defendant denies the allegations asserted in Paragraph 128.

129. Defendant denies the allegations asserted in Paragraph 129.

130. Defendant denies the allegations asserted in Paragraph 130.

<u>Count IV</u>
(Violation of Maryland Declaration of Rights - Officer Hersl, in his official and personal capacity)

131. In response to Paragraph 131, Defendant Hersl incorporates by reference its responses to Paragraph 1-130 as if set forth fully here.

132. Defendant admits to the statement asserted in Paragraph 132.

133. Defendant Hersl admits that Plaintiff has brought claims under Article 24 of the Maryland Declaration of Rights in Paragraph 133 but avers that Plaintiff is not entitled to any relief.

134. Defendant Hersl admits that Plaintiff has brought the claims and allegations asserted in Paragraph 134 but avers that Plaintiff is not entitled to any relief.

135. Defendant denies the allegations asserted in Paragraph 135.

136. Defendant lacks sufficient knowledge or information to admit or deny the third sentence contained in Paragraph 136.

137. Defendant admits to the statement asserted in Paragraph 137.

## Count V
### (Civil Conspiracy Pursuant to 42 U.S.C. § 1983, 1985 - All Defendants)

138. In response to Paragraph 138 Defendant Hersl incorporates by reference its responses to Paragraph 1-137 as if set forth fully here.

139. Defendant denies the allegations asserted in Paragraph 139.

140. Defendant denies the allegations asserted in Paragraph 140.

141. Defendant denies the allegations asserted in Paragraph 141.

142. Defendant denies the allegations asserted in Paragraph 142.

## Count VI
### (Aider & Abettor Pursuant to 42 U.S.C. § 1983, 1985 - All Defendants)

143. In response to Paragraph 143 Defendant Hersl incorporates by reference its responses to Paragraph 1-142 as if set forth fully here.

144. Defendant denies the allegations asserted in Paragraph 144.

145. Defendant denies the allegations asserted in Paragraph 145.

## Count VII
### (Unconstitutional Custom or Practice of Unlawful Arrest and Improper use of Police Powers Pursuant to 42 U.S.C. § 1983, 1985 - Defendant BPD and Commissioner Defendants)

146. In response to Paragraph 146 Defendant Hersl incorporates by reference its responses to Paragraph 1-145 as if set forth fully here.

147. Defendant admits to the allegation asserted in Paragraph 147.

148. Defendant denies the allegation asserted in Paragraph 148.

149. Paragraph 149 asserts facts about Plaintiff's knowledge; Defendant Hersl lacks sufficient knowledge or information to admit or deny those statements. Paragraph 149 also contains allegations, to which Defendant denies.

150. Defendant denies the allegations asserted in Paragraph 150.

151. Defendant denies the allegations asserted in Paragraph 151.

152. Defendant denies the allegations asserted in Paragraph 152.

153. Defendant denies the allegations asserted in Paragraph 153.

154. Defendant denies the allegations asserted in Paragraph 154.

<u>Count VIII</u>
**(Inadequate Training Pursuant to 42 U.S.C. § 1983, 1985 - Defendant BPD and Commissioner Defendants)**

155. In response to Paragraph 155 Defendant Hersl incorporates by reference its responses to Paragraph 1-154 as if set forth fully here.

156. Defendant admits to the allegation asserted in Paragraph 156.

157. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 157, and on that basis denies the allegations in Paragraph 157.

158. Paragraph 158 asserts facts about Plaintiff's knowledge; Defendant Hersl lacks sufficient knowledge or information to admit or deny those statements. Paragraph 158 also contains allegations, to which Defendant denies.

159. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 159, and on that basis denies the allegations in Paragraph 159.

160. Defendant denies the allegations asserted in Paragraph 160.

161. Defendant denies the allegations asserted in Paragraph 161.

162. Defendant denies the allegations asserted in Paragraph 162.

163. Defendant denies the allegations asserted in Paragraph 163.

164. Defendant denies the allegations asserted in Paragraph 164.

<u>Count IX</u>
**(Failure to Supervise Pursuant to 42 U.S.C. § 1983, 1985 - Defendant BPD, Commissioner Defendants, and IA Defendants)**

165. In response to Paragraph 165 Defendant Hersl incorporates by reference its responses to Paragraph 1-164 as if set forth fully here.

166. Defendant admits to the allegations asserted in Paragraph 166.

167. Paragraph 167 asserts facts about Plaintiff's knowledge; Defendant Hersl lacks sufficient knowledge or information to admit or deny those statements. Paragraph 167 also contains allegations, to which Defendant denies.

168. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 168, and on that basis denies the allegations in Paragraph 168.

169. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 168, and on that basis denies the allegations in Paragraph 168.

170. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 170, and on that basis denies the allegations in Paragraph 170.

171. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 171, and on that basis denies the allegations in Paragraph 171.

172. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 172, and on that basis denies the allegations in Paragraph 172.

173. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 173, and on that basis denies the allegations in Paragraph 173.

174. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 174, and on that basis denies the allegations in Paragraph 174.

175. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 15, and on that basis denies the allegations in Paragraph 159.

176. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 159, and on that basis denies the allegations in Paragraph 159.

177. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 177, and on that basis denies the allegations in Paragraph 178.

178. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 178, and on that basis denies the allegations in Paragraph 178.

179. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 179, and on that basis denies the allegations in Paragraph 179.

180. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 180, and on that basis denies the allegations in Paragraph 180.

181. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 181, and on that basis denies the allegations in Paragraph 181.

### Count X
**(Violation of RICO Act under 18 U.S.C. § 1961, *et seq.* - All Defendants)**

182. In response to Paragraph 182 Defendant Hersl incorporates by reference its responses to Paragraph 1-181 as if set forth fully here.

183. Defendant denies the allegations contained in Paragraph 183.

184. Defendant denies the allegations contained in Paragraph 184.

185. Defendant denies the allegations contained in Paragraph 185.

186. Defendant denies the allegations contained in Paragraph 186.

187. Defendant denies the allegations contained in Paragraph 187.

188. Defendant denies the allegations contained in Paragraph 188.

189. Defendant denies the allegations contained in Paragraph 189.

190. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 190, and on that basis denies the allegations in Paragraph 190.

191. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 191, and on that basis denies the allegations in Paragraph 191.

192. Defendant lacks sufficient knowledge or information to admit or deny the statements regarding other Defendants contained in Paragraph 192, and on that basis denies the allegations in Paragraph 192.

193. Defendant denies the allegations contained in Paragraph 193.

194. Defendant denies the allegations contained in Paragraph 194.

195. Paragraph 195 contains Plaintiff's request for relief, to which no response is required, but insofar as an answer is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever. Each and every allegation not heretofore expressly admitted or denied is denied.

## Count XI
### (Conspiracy to Violate RICO Act under 18 U.S.C. § 1962(d) – All Defendants)

196. In response to Paragraph 155 Defendant Hersl incorporates by reference its responses to Paragraph 1-154 as if set forth fully here.

197. Paragraphs 197 contains Plaintiff's request for relief, to which no response is required, but insofar as an answer is deemed required, Defendant denies that

Plaintiff is entitled to the requested relief or to any relief whatsoever. Each and every allegation not heretofore expressly admitted or denied is denied.

198. Paragraphs 198 contains Plaintiff's request for relief, to which no response is required, but insofar as an answer is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever. Each and every allegation not heretofore expressly admitted or denied is denied.

## Relief Requested

The allegations contained in these paragraphs consist of Plaintiff's request for relief, damages, and a jury trial, to which no response is required, but insofar as an answer is deemed required, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever. Each and every allegation not heretofore expressly admitted or denied is denied.

WHEREFORE, having answered, Defendant request judgment or relief against Plaintiff as follows:

1. That the claims against Defendant are dismissed with prejudice and that the Plaintiff take nothing and is granted no relief.

2. That Defendant be awarded its costs and disbursements incurred in defending this matter; and

3. Such other and further relief, including declaratory, equitable relief, and damages, to which it is entitled.

Respectfully submitted,

**W. Timothy Sutton, Esquire**
Bar Number 27912
The Law Offices of James E. Crawford, Jr.
and Associates, LLC
999 Corporate Blvd., Suite 100
Linthicum, MD 21090
Phone: 443-709-9999
Fax: 443-919-4207
Email: tim@jamescrawfordlaw.com
*Attorneys for Defendant Hersl*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY,** that on the 2nd day of January, 2021, a copy of Defendant's Answer to Plaintiff's First Amended Complaint and Jury Demand was served electronically to:

Joshua L. Insley, #30055
Hannah M. Ernstberger, #20516
Saller, Lord, Ernstberger & Insley
12 S. Calvert Street, 2nd Floor
Baltimore, MD 21202
*Attorneys for Plaintiff*

**W. Timothy Sutton, Esquire**
Bar Number 27912