IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC RICH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. ADC-20-488 |
| | * | |
| OFFICER DANIEL HERSL et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Defendants Baltimore Police Department ("BPD"); Frederick Bealefeld, Michael S. Harrison, Anthony Batts, Kevin Davis, Darryl Desousa, Gary Tuggle, and Leonard Hamm ("Commissioner Defendants"); and Nathan Warfield, Keith Tiedemann, Grayling Williams, Rodney Hill, Ian Dombroski, and Stephanie Lansey-Delgado ("Internal Affairs Defendants") (collectively, "BPD Defendants") have filed a Motion for Judgment on the Pleadings (ECF No. 61) as to Plaintiff Eric Rich's ("Plaintiff") Amended Complaint (ECF No. 17).[1] Plaintiff responded in opposition (ECF No. 64), and BPD Defendants replied (ECF No. 65). After considering the Motion and the responses thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein, BPD Defendants' Motion is GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about October 2, 2007, Defendant Officer Daniel Hersl arrested Plaintiff in Baltimore City for possession of an unregistered Llama 9mm handgun. ECF No. 17 ¶¶ 95–96. A

---

[1] On August 13, 2021, this case was referred to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636(c) by consent of the parties. ECF No. 50.

1

week prior to the arrest, Defendant Hersl threatened to plant a gun on Plaintiff. *Id.* ¶ 99. Plaintiff filed a complaint with BPD's Internal Affairs Division, and his defense counsel requested and was denied a copy of the complaint. *Id.* ¶¶ 99–100. Subsequently, Plaintiff was charged under state law with possessing a handgun when prohibited from doing so by a prior conviction. *Id.* ¶ 98. Plaintiff's state charges were eventually entered nolle prosequi. *Id.* ¶ 103. Plaintiff was also indicted by the United States Attorney's Office for charges related to his October 2, 2007 arrest. *Id.* ¶ 101. Plaintiff's defense counsel moved to compel BPD to produce the Internal Investigation Division Files in his federal case, and, after a review of the files, the U.S. Attorney's Office dismissed Plaintiff's indictment with prejudice on June 9, 2008. *Id.* ¶¶ 104, 106. Plaintiff remained detained until his indictment was dismissed. *Id.* ¶¶ 97, 106.

On February 24, 2020, Plaintiff filed suit in this Court. ECF No. 1. Plaintiff filed an Amended Complaint on September 29, 2020, alleging eleven counts against fifteen defendants. ECF No. 17. BPD Defendants then separately moved to dismiss Plaintiff's Amended Complaint, and on June 24, 2021, the Court dismissed all counts against BPD Defendants except Count X, Violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act under 18 U.S.C. § 1962(b), (c), and Count XI, Conspiracy to Violate the RICO Act under 18 U.S.C. § 1962(d).[2] ECF No. 42. On the remaining counts, Judge Hollander explained: "Neither side has substantively addressed the sufficiency of plaintiff's RICO claims. Therefore, at this juncture, I decline to dismiss Counts X and XI." ECF No. 42 at 32. BPD Defendants now move for judgment on the pleadings with respect to these remaining Counts. ECF No. 61.

---

[2] The Court did not dismiss Counts I through IV against Defendant Hersl. *See* ECF No. 42 at 27.

2

## DISCUSSION

### A. Standard of Review

#### 1. Rule 12(c) Motion for Judgment on the Pleadings

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed.R.Civ.P. 12(c). The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6). *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (citing *Butler v. United States,* 702 F.3d 749, 751–52 (4th Cir. 2012)). A Rule 12(b)(6) motion tests the sufficiency of a complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Butler*, 702 F.3d at 752 (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999)). Thus, a motion for judgment on the pleadings "should only be granted if, after accepting all well-pleaded allegations in [Plaintiff's] complaint as true and drawing all reasonable factual inferences from those facts in [Plaintiff's] favor, it appears certain that [Plaintiff] cannot prove any set of facts in support of his claim entitling him to relief." *Drager*, 741 F.3d at 474 (quoting *Edwards,* 178 F.3d at 244). "A Rule 12(c) motion should be granted when the pleadings fail to state any cognizable claim for relief, and the matter can, therefore, be decided as a matter of law." *Hamilton Jewelry, LLC v. Twin City Fire Ins. Co., Inc.*, —— F.Supp.3d ——, 2021 WL 4214837, at *2 (D.Md. Sept. 16, 2021) (citations omitted).

### B. BPD Defendants' Motion

BPD Defendants request this Court dismiss Plaintiff's Amended Complaint with prejudice and without leave to amend. ECF No. 61-1, at 1, 15. In particular, BPD Defendants assert that (1) Plaintiff failed to allege facts to show that BPD Defendants either directly or indirectly engaged in a pattern of racketeering activities, as required by 18 U.S.C. § 1962(b), (c); (2) Plaintiff wrongfully

3

named BPD as both a liable person and a RICO enterprise; (3) Plaintiff's RICO conspiracy claim lacks the detail required under 18 U.S.C. § 1962(d); (4) the intracorporate conspiracy doctrine precludes Plaintiff's RICO conspiracy claim against BPD; and (5) Plaintiff failed to provide the notice required by the Maryland Local Government Tort Claims Act ("MLGTCA").[3] *Id.* at 5–13. I address each argument below.[4]

### 1. Count X: Violation of RICO Act (18 U.S.C. § 1962(b), (c))

I turn first to BPD Defendants' argument that Plaintiff has failed to show "how each identified defendant either 'directly or indirectly,' conducted or participated in a pattern of racketeering activities, or acquired and/or maintained control over the enterprise 'through a pattern of racketeering activity,'" as required by § 1962(b) and (c). ECF No. 61-1 at 6. BPD Defendants contend that Plaintiff asserted only conclusory allegations and failed to present facts related to the individual BPD Defendants. *Id.* In response, Plaintiff asserts that he has "clearly state[d]" that Defendants have engaged in a pattern of racketeering activity, including that the Internal Affairs Defendants "failed to adequately investigate and discipline Defendant Hersl and other officers," and that Commissioner Defendants "implemented a policy or custom of condonation or deliberate indifference toward civil rights violations by Defendant BPD officers' and failed to adequately train or supervise Defendant Hersl and other officers." ECF No. 64-1 at 5–6 (quoting ECF No. 17 ¶ 14). Moreover, Plaintiff claims that all BPD Defendants held a supervisory role from the time of

---

[3] I find BPD Defendant's other arguments compelling and thus need not consider their argument that Plaintiff's claim for liquidated damages is barred for failure to comply with the LGTCA notice requirements.

[4] BPD Defendants assert in a footnote at the end of their brief (and in their reply brief) that the Court should *sua sponte* dismiss these claims against Defendant Hersl as well, even though Defendant Hersl did not join in the Motion or file a separate motion to dismiss. ECF No. 61-1 at 15 n.6. The Court will not take such action here, considering that, unlike the other individual BPD Defendants, Defendant Hersl is named and detailed more extensively in the Amended Complaint.

4

Plaintiff's arrest to the present and thus that the Court may find RICO liability based on the "operation or management" test. *Id.* at 7–8.

To plead a civil RICO claim, Plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Morley v. Cohen*, 888 F.2d 1006, 1009 (4th Cir. 1989) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Plaintiff also must prove injury to his business or property. *Id.* (quoting 18 U.S.C. § 1964(c)). Relevant here, paragraph (b) prohibits any person "through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise" which engages in or affects interstate or foreign commerce. 18 U.S.C. § 1962(b). Paragraph (c) prohibits any person "employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). Because the prohibition is premised on the relationship between the RICO enterprise and the liable person, Plaintiff "must further allege that the RICO 'enterprise' is distinct from the defendant 'person' alleged to have violated RICO." *Yesko v. Fell*, No. ELH-13-3927, 2014 WL 4406849, at *8 (D.Md. Sept. 5, 2014) (citations omitted). *See Busby v. Crown Supply, Inc.*, 896 F.2d 833, 841–42 (4th Cir. 1990). And finally, paragraph (d) prohibits the conspiracy to violate any of the subsections of § 1962. 18 U.S.C. § 1962(d). *See McClain v. Wells Fargo Bank, N.A.*, No. PWG 20-CV-2035, 2021 WL 3852322, at *7 (D.Md. Aug. 27, 2021).

To establish a pattern of racketeering activity under the RICO statute, Plaintiff must allege "at least two acts of racketeering activity . . . the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." *Ekstrom v. Cong. Bank*, No. CV ELH-20-1501, 2020 WL 6565251, at *18 (D.Md. Nov. 9, 2020), *motion to certify appeal denied*, 2021 WL

119000 (D.Md. Jan. 13, 2021) (quoting 18 U.S.C. § 1961(5)). Plaintiff must show that the predicate acts "are [1] related and [2] that they amount to or pose a threat of continued criminal activity." *Id.* (emphasis omitted) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)). "Acts are related if they 'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* (quoting *H.J. Inc.*, 492 U.S. at 240).

For a person to be held liable under RICO, "[t]he Supreme Court has authorized use of the 'operation or management' test, which requires that a defendants [sic] must have some part in directing the affairs of the enterprise." *Superior Bank, F.S.B. v. Tandem Nat. Mortg., Inc.*, 197 F.Supp.2d 298, 325 (D.Md. 2000), *adhered to on denial of reconsideration* (June 27, 2000) (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993)). "Mere participation in the activities of the enterprise is insufficient; the defendant must participate in the operation or management of the enterprise." *Thomas v. Ross & Hardies*, 9 F.Supp.2d 547, 554 (D.Md. 1998).

In *Davis v. Wilmington Finance, Inc.*, this Court concluded that the plaintiff's complaint failed to sufficiently allege a RICO violation because the complaint relied on "conclusory allegations" and provided "no specifics as to which Defendant engaged in which activity, what date these activities occurred, or what the content of each supposed activity was." No. CIV. PJM 09-1505, 2010 WL 1375363, at *3 (D.Md. Mar. 26, 2010) (explaining further that, considering Rule 9(b), the "problem [was] exacerbated in this case where multiple Defendants [were] involved and the pleading allege[d] some type of fraudulent scheme without clearly identifying which Defendant played which role").

As an initial matter, I agree with Defendant's contention that BPD cannot be both an enterprise and a liable person under § 1962(c). *See Busby*, 896 F.2d at 841–42 ("[T]he named

6

'person' and the named 'enterprise' must be separate for § 1962(c) purposes."). And I need not decide whether § 1962(b) maintains the same distinctness requirement as § 1967(c), because Plaintiff's Amended Complaint fails to allege that BPD is a liable person under § 1967(b). Plaintiff's Amended Complaint states that BPD is an enterprise that affects interstate commerce, *see* ECF No. 17 ¶¶ 182–83, but describes the § 1962(b) "ongoing pattern of racketeering activities" as involving:

> [E]xtortion, obstruction of justice, witness tampering and witness intimidation, in that *Defendant Hersl, the [Internal Affairs] Defendants and Commissioner Defendants* repeatedly committed extortionate conduct against Plaintiff and other Baltimore citizens, planted evidence against Plaintiff and other Baltimore citizens, intimidated witnesses reporting police misconduct including Plaintiff, and obstructed justice by failing to properly investigate internal affairs complaints.

*Id.* ¶ 188 (emphasis added). Thus, Plaintiff identified BPD solely as an enterprise and did not allege facts to support that BPD, in particular, is a liable person that participated in the pattern of racketeering activities. *See id.* ¶ 188. Accordingly, Plaintiff has not pled sufficient facts to allege BPD violated § 1962(b) and (c).

I am similarly convinced that Plaintiff has failed to show individual BPD Defendants violated RICO. While the *Davis* reasoning on the heightened pleading standard required by Rule 9(b) is not relevant here, the more general concern over the failure to provide specifics as to "which Defendant engaged in which activity, what date these activities occurred, or what the content of each supposed activity was" is compelling. *See* 2010 WL 1375363, at *3. The Amended Complaint alleges that BPD, the Gun Trace Task Force, and the Internal Affairs Division are all enterprises and states that BPD Defendants collectively "planted evidence against Plaintiff and other Baltimore citizens, intimidated witnesses reporting police misconduct including Plaintiff, and obstructed justice by failing to properly investigate internal affairs complaints." ECF No. 17 ¶ 188. BPD Defendants correctly note, however, that Plaintiff failed to allege any specific facts linking

BPD Defendants to the allegations in the underlying action, instead relying on guilt by association—they are liable based on their specific positions. Such bare allegations are insufficient to satisfy the required pleading standard, *see Davis*, 2010 WL 1375363, at *3, even considering the operation or management test. *See Thomas*, 9 F.Supp.2d at 554. "[M]ere participation in the activities of the enterprise is insufficient" to satisfy the operation or management test, yet Plaintiff alleges *no* facts linking the individual BPD Defendants with the racketeering activities *except* their roles within BPD. *See id.* Accordingly, Plaintiff's allegations against individual BPD Defendants are insufficient.

### 2. Count XI: Conspiracy to Violate the RICO Act (18 U.S.C. § 1962(d))

I turn next to BPD Defendants' argument that Plaintiff's claim for conspiracy to violate RICO is facially insufficient. ECF No. 61-1 at 10. Specifically, BPD Defendants contend that Plaintiff failed to describe in detail the conspiracy, identify the BPD Defendants' roles or involvement in the conspiracy, or allege the substance and timing of the conspiratorial agreement. *Id.* at 10–11. BPD Defendants also contend that the intracorporate conspiracy doctrine bars Plaintiff's conspiracy claim. *Id.* at 11–13. In response, Plaintiff asserts that his Amended Complaint read as a whole supports his claim for conspiracy to violate RICO, and that the intracorporate conspiracy doctrine does not apply because an exception to the doctrine is present here. ECF No. 64-1 at 11–12.

"The heart of a conspiracy is the agreement to do something that the law forbids." *United States v. Pryba*, 900 F.2d 748, 760 (4th Cir. 1990). In a claim under § 1962(d), Plaintiff "must allege that each defendant agreed that another coconspirator would commit two or more acts of racketeering." *Walters v. McMahen*, 795 F.Supp.2d 350, 355 (D.Md. 2011), *aff'd*, 684 F.3d 435 (4th Cir. 2012) (citations omitted). To allege civil RICO conspiracy, Plaintiff must describe the

8

conspiracy in detail, "including the identity of the co-conspirators, the object of the conspiracy[,] and the date and substance of the conspiratorial agreement." *Id.* (quoting *Cruz v. Cinram Intl. Inc.*, 574 F.Supp.2d 1227, 1236 (N.D.Ala. 2008)). Where the plaintiffs "fail to provide any facts indicative of such an agreement, including when or where the agreement took place, or the specific substance of any communications," the necessary pleading standard is not met. *See id.* at 355–56.

Here, Plaintiff directs the Court to the full Amended Complaint to find facts alleging such an agreement, yet fails to identify any specific allegations. *See* ECF No. 64-1 at 11. The Amended Complaint alleges multiple times that BPD Defendants "entered in to [sic] a civil conspiracy" to hide a unit's "use of illegal arrest, robbery, drug dealing and violence on the streets of Baltimore City." ECF No. 17 ¶¶ 139, 151, 179. There are, however, no facts detailing any agreement between the BPD Defendants to violate RICO. The pleadings thus are merely speculative and do not rise to the level of plausibility required at pleading. *See Walters*, 795 F.Supp.2d at 356.

Moreover, I am also convinced that the intracorporate conspiracy doctrine would preclude a claim for conspiracy here. The intracorporate conspiracy doctrine provides that "[a] corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Buschi v. Kirven*, 775 F.2d 1240, 1251 (4th Cir. 1985) (quoting *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952)). Plaintiff "typically cannot bring a civil conspiracy claim, based on an agreement between 'agents of the same legal entity, when the agents act in their official capacities.'" *Hicks v. Ferreyra*, 396 F.Supp.3d 564, 580 (D.Md. 2019), *aff'd in part, appeal dismissed in part*, 965 F.3d 302 (4th Cir. 2020) (*quoting Ziglar v. Abbasi*, —— U.S. ——, 137 S.Ct. 1843, 1867 (2017)). The doctrine extends to government entities and "officials of a public body who act within the scope of their employment." *Id.* (quoting *Buschi*, 775 F.2d at 1251–52). There are two exceptions to the

doctrine: "(1) when a corporate officer has an 'independent personal stake' in achieving the illegal objectives of the corporation, and (2) when the agent's acts are unauthorized." *Id.* (citations omitted).

Here, Plaintiff appears to concede that the intracorporate conspiracy doctrine applies to the present conspiracy claim, but asserts that the second exception applies—individual BPD Defendants' actions were unauthorized. *See* ECF No. 64-1 at 11. Accordingly, the question is whether individual BPD Defendants' actions were authorized by BPD. Plaintiff asserts that individual BPD Defendants' actions were not authorized by BPD, yet his Amended Complaint states: "At all times the actions and practices of the Defendants named herein and those acting at their direction, were performed under the color of state law." *Id.* at 12; ECF No. 17 ¶ 23. Such allegations amount to a claim that individual BPD Defendants "[were] acting as [agents] of the Baltimore City Police Department," and the intracorporate conspiracy doctrine applies. *See Kangalee v. Baltimore City Police Dep't*, No. CIV.A. RDB-12-01566, 2012 WL 5457231, at *7 (D.Md. Nov. 7, 2012) (explaining that an officer who "at all times relevant to this matter, . . . acted under color of law," acted "as an agent of the Baltimore City Police Department," and the intracorporate conspiracy doctrine applied). Plaintiff thus has similarly failed to allege a plausible RICO conspiracy claim against BPD Defendants.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that, even accepting all well-pleaded allegations in the Amended Complaint as true, Plaintiff is unable to prove facts that support his claims for RICO violation (Count X) and conspiracy to violate RICO (Count XI). Given that Plaintiff has already filed an Amended Complaint and has not requested leave to further amend in his response, dismissal with prejudice is proper. Accordingly, BPD Defendants' Motion

10

(ECF No. 61) is GRANTED and the claims against BPD Defendants are DISMISSED WITH PREJUDICE. A separate order will follow.

Date: ___7 March 2022___

_____
A. David Copperthite
United States Magistrate Judge