IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ERIC RICH, | * | |
| | * | |
| Plaintiff, | * | |
| vs. | * | |
| | * | Civil Action No. ADC-20-488 |
| DANIEL HERSL, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Daniel Hersl moves this Court for summary judgment on Plaintiff Eric Rich's Amended Complaint. ECF Nos. 17, 92. After considering Defendant's Motion and the responses thereto (ECF Nos. 92, 96, 101), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021).[1] For the reasons stated herein, Defendant Hersl's Motion is GRANTED.

## FACTUAL BACKGROUND

This case centers around the conduct of Defendant Daniel Hersl, a former member of the Gun Trace Task Force ("GTTF") in the Baltimore Police Department ("BPD"). ECF No. 17 at ¶ 2. In the evening hours of October 2, 2007, Defendant Hersl and Detective Calvin Moss positioned themselves on the top floor of a parking garage located at 1600 E. Baltimore Street to surveille the surrounding area for illegal firearms. ECF No. 92-2 at 1. From this vantage point, they allege that they observed Plaintiff, who was walking in the 100 block of N. Bond Street, place a firearm near a bush. *Id.* at 2. The two immediately began descending the parking garage and backup officers arrested Plaintiff. *Id.* After exiting his vehicle, Defendant Hersl alleges that he walked over to the bush and recovered an unregistered Llama 9mm handgun. *Id.* Plaintiff, however, alleges that he

---

[1] On August 13, 2021, this case was referred to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636(c) by consent of the parties. ECF No. 50.

1

never possessed the firearm and that it was "planted in an attempt to legitimize Defendant's illegal search and seizure." ECF No. 17 at ¶¶ 111-12.

This encounter was, apparently, one of several that Plaintiff had with Defendant Hersl and Detective Moss around this time. Several months earlier, on June 29, 2007, Ms. Diana Brown (then Plaintiff's girlfriend), reported that "she received a call from [Defendant Hersl] advising that he would plant two pounds of weed (marijuana) on [Plaintiff] if she did not provide him with a handgun." ECF No. 96-5 at 3. Ms. Brown subsequently made a "street purchase of a .38 revolver" and left it in a "blue plastic bag" at a location chosen by Defendant Hersl. *Id.* at 7. Approximately twenty minutes after Ms. Brown left the firearm, Plaintiff was "release[d] . . . from . . . the Eastern District station." *Id.* Thereafter, on September 10, 2007, Detective Moss arrested Plaintiff for an "open container." *Id.* at 6. Approximately ten days later, Detective Moss told him, "Every time I see you, I am going to put something on you." *Id.*

Nearly a decade later, on February 23, 2017, a federal grand jury indicted seven members of the GTTF, including Defendant Hersl. *See United States v. Momodu Gondo et al.*, CCB-17-106, ECF Nos. 1 (Indictment); 137 (Superseding Indictment).[2] They were charged with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") and various violations of RICO. *Id.* Defendant Hersl was ultimately convicted by a jury of racketeering conspiracy, among other crimes, and was sentenced to 18 years' incarceration. ECF No. 42 at 9.

## PROCEDURAL BACKGROUND

On February 24, 2020, Plaintiff filed suit in this Court. ECF No. 1. On September 29, 2020,

---

[2] "This Court can take judicial notice of its own records in another case if 'the prior case is brought into the pleadings in the case on trial or where the two cases represent related litigation.'" *Carson v. Holder*, 815 F.Supp.2d 918, 922 n.8 (D.Md. 2011) (quoting *Thurman v. Robinson*, No. 94-6998, 1995 WL 133350, at *2 (4th Cir. Mar. 28, 1995)).

2

he filed an Amended Complaint alleging eleven counts against fifteen defendants. ECF No. 17. In addition to Defendant Hersl, Plaintiff's Amended Complaint asserted claims against the Baltimore Police Department, former police commissioners, and former members of BPD's Internal Affairs Division. *Id.* ¶¶ 8-17. Plaintiff alleged the following counts: violations of his constitutional rights in violation of 42 U.S.C. §§ 1983, 1985, and 1988 against Defendant Hersl (Counts I-III); violation of Article 24 of the Maryland Declaration of Rights against Defendant Hersl (Count IV); Civil Conspiracy and Aider & Abettor in violation of 42 U.S.C. §§ 1983 and 1985 against all Defendants (Counts V-VI); Unconstitutional Custom or Practice and Inadequate Training in violation of 42 U.S.C. §§ 1983 and 1985 against BPD and the Police Commissioner Defendants (Counts VII-VIII); Failure to Supervise in violation of 42 U.S.C. §§ 1983 and 1985 against BPD, the Police Commissioner Defendants, and the IA Defendants (Count IX); and conspiracy to violate the RICO Act and violation of the RICO Act in violation of 18 U.S.C. § 1962 against all Defendants (Counts X-XI). *Id.* at ¶¶ 107-198.

On November 4, 2020 and January 26, 2021, all Defendants, except for Defendant Hersl, moved to dismiss Plaintiff's Amended Complaint. ECF Nos. 25, 39. Rather than joining either of these motions, Defendant Hersl answered the suit on February 2, 2021. ECF No. 41. On June 24, 2021, this Court dismissed as time barred Counts V-IX. ECF No. 42 at 26-27. The Court explained, however, that "the unusual posture" of the case prevented dismissal of Counts I-IV—which served as predicates to Counts V-IX—as Defendant Hersl had not joined either of the motions. *Id.* at 27. Every Defendant except for Defendant Hersl subsequently moved for judgment on the pleadings as to counts X and XI, which the Court granted on March 7, 2022. ECF Nos. 61; 66 at 7. As a result of these rulings, all Defendants, except for Defendant Hersl, were dismissed from the case.

On March 14, 2022, Defendant Hersl moved for judgment on the pleadings as to all the

Counts remaining against him—Counts I, II, III, IV, X, XI. ECF No. 68. The Court granted in part and denied in part this Motion on May 5, 2022. ECF No. 77. It denied the Motion as to Counts I, II, and III (the 42 U.S.C. §1983 claims[3]), finding that Plaintiff had adequately alleged that Defendant Hersl "lacked legal justification for the stop" and that he was "subject to an unreasonable seizure of his person when he was arrested and subsequently detained." *Id.* at 5, 7. Judgment on the pleadings was, however, appropriate on Count IV (Maryland Declaration of Rights claim) as Plaintiff failed to comply, or substantially comply, with the notice provision of Maryland's Local Government Tort Claims Act ("LGTCA"). *Id.* at 8-11. The Court similarly granted judgment on Counts X and XI (the RICO claims), finding that Plaintiff failed "to meet the pleading standard to show Defendant Hersl violated RICO or conspired to violate RICO." *Id.* at 11-16.

As a result of the Court's May 5, 2022 Order, only Counts I, II, III remain pending. ECF No. 78. On February 6, 2023, Defendant Hersl filed a Motion for Summary Judgment. ECF No. 92. Plaintiff responded in opposition on February 27, 2023 and Defendant replied on March 17, 2023. ECF Nos. 96, 101.

## DISCUSSION

**Standard of Review**

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,

---

[3] The Amended Complaint states that Counts I and II are brought pursuant to 42 U.S.C. §§ 1983, 1985, 1988, and Count III is brought pursuant to 42 U.S.C. §§ 1983, 1985. ECF No. 17. Section 1985 concerns conspiracy to interfere with civil rights and requires two or more persons conspiring. 42 U.S.C. § 1985. The Amended Complaint does not detail a conspiracy with respect to Counts I through III. Section 1988, in turn, concerns proceedings in vindicating civil rights. 42 U.S.C. § 1988. Accordingly, the Court construes Plaintiff's Counts I through III as asserted pursuant to § 1983.

4

show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphasis in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id. See Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party, and "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322-24. When the nonmovant bears the burden of proof at trial, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**Defendant Hersl's Motion for Summary Judgment**

*Federal Constitutional Claims and the LGTCA*

Defendant Hersl first argues that he is entitled to summary judgment on all remaining

5

counts as Plaintiff did not comply or substantially comply with the notice requirement of the LGTCA. ECF No. 92-1 at 4-6. While Plaintiff concedes that he did not comply or substantially comply with the notice provisions of the LGTCA, he argues that Counts I, II, and III (the 42 U.S.C. §1983 claims) are not subject to the notice requirement. ECF No. 96-1 at 3-4. I agree with Plaintiff.

The case law in this Court is clear that, unlike state constitutional claims, "[l]ocal governments lack immunity from tort liability for violations of federal constitutional or statutory rights." *Johnson v. City of Annapolis*, No. CCB-21-1120, 2022 WL 959149, at *7 (D.Md. Mar. 30, 2022). *But see Johnson v. Balt. Police Dep't*, 452 F.Supp.3d 283, 315 (D.Md. 2020) ("The LGTCA contains a notice provision that applies to all Maryland constitutional and common law tort claims for unliquidated damages."). In fact, this Court has specifically found that the LGTCA and its notice provision do not apply to federal constitutional claims against police officers in their individual capacity. *See Downey v. Collins*, 866 F.Supp. 887, 890 (D.Md. 1994) (notice requirement inapplicable as to federal constitutional claims against police officer in his individual capacity); *Royster v. Jasmine*, No. PJM-10-2121, 2011 WL 4005269, at *5 (D.Md. Sept. 7, 2011) (same); *Barnes v. Rawlings-Blake*, No. RDB-10-2525, 2011 WL 2600646, at *3 (D.Md. June 28, 2011) (same). Consistent with this well-established law, the Court finds that Counts I, II, and III, which all allege violations of 42 U.S.C. § 1983 against Defendant Hersl, are not subject to the notice requirement of the LGTCA. Accordingly, summary judgment is not warranted on this ground.

*Plaintiff's 42 U.S.C. § 1983 Claims*

*General Framework of 42 U.S.C. § 1983 Claims*

Plaintiff's remaining claims for illegal arrest, false imprisonment, and malicious prosecution are each asserted pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source

6

of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 268 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To prevail on a § 1983 claim, a plaintiff must show that: (1) the defendant violated a right secured by the United States Constitution or federal law; and (2) the act or omission causing the violation of a right was committed by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, each of Plaintiff's § 1983 claims hinge on whether Plaintiff was seized without probable cause in violation of the Fourth Amendment. *See Harrison v. Deane*, 426 Fed.App'x 175, 181 (4th Cir. 2011) ("[T]here is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause." (quoting *Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir. 1974)); *McPhearson v. Anderson*, 874 F.Supp.2d 573, 580 (E.D.Va. 2012) ("Actions under 42 U.S.C. 1983 based upon claims of false arrest or false imprisonment are properly analyzed as unreasonable seizures under the Fourth Amendment." (internal citation omitted)); *Washington v. Balt. Police Dep't*, --F.Supp.3d--, 2023 WL 2914802, at *15 (D.Md. April 12, 2023) ("[A] federal claim for malicious prosecution is properly understood as a Fourth Amendment claim for unreasonable search and seizure which incorporates certain elements of the common law tort." (internal citation omitted)). The Court will therefore consider all three of Plaintiff's §1983 claims together.

Probable cause for an arrest "exists if the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Stutzman v. Krenik*, 350 F.Supp.3d 366, 377 (D.Md. 2018) (quoting *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998)). "Probable cause is determined from the totality of the circumstances known to the officer at the time of the arrest." *Brown v. Gilmore*, 278 F.3d 362,

7

367-68 (4th Cir. 2002). "For probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required." *Id.* Conversely, to "prove an absence of probable cause, [the plaintiff] must allege a set of facts which made it unjustifiable for a reasonable officer to conclude" that the plaintiff was violating the relevant law. *Id.* at 368.

Here, Defendant Hersl argues that he is entitled to summary judgment as Plaintiff has failed to demonstrate that Defendant Hersl lacked probable cause to arrest him on October 2, 2007. ECF No. 92-1 at 6. In particular, Defendant Hersl asserts that Plaintiff has failed to offer any admissible evidence suggesting that he planted the Llama 9mm handgun in the bush prior to Plaintiff's arrest. *Id.* at 6-7. While Plaintiff concedes that he is "without direct evidence to prove that Defendant Hersl planted the firearm," he argues that he has produced "mounting circumstantial evidence." ECF No. 96-1 at 4. Given the nature of these arguments, to determine whether summary judgment is appropriate, the Court must first determine whether Plaintiff has met his burden to show that there is a genuine despite of material fact as to whether Defendant Hersl lacked probable cause to arrest him.[4]

*Plaintiff's Evidence That Defendant Hersl Lacked Probable Cause*

"Once a motion for summary judgment is properly made and supported, the burden shifts to the nonmovant to identify evidence showing there is genuine dispute of material fact." *Brother Convenience Store, Inc. v. U.S. Dep't of Agriculture*, No. GLR-20-1346, 2021 WL 3911594, at *10 (D.Md. Sept. 1, 2021). Notably, unlike the movant, "[a] party opposing a properly supported

---

[4] Here, Plaintiff does not argue that Defendant Hersl failed to meet his burden under Federal Rule of Civil Procedure 56(a). Regardless, the Court readily concludes that Defendant Hersl has met his burden as he has "shown" that Plaintiff failed to offer evidence that he planted the Llama 9mm handgun. *Celotex Corp.*, 477 U.S. at 325.

8

motion for summary judgment 'may not rest upon the mere allegations or denials of [its] pleadings'" but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)). The nonmoving party "cannot create a genuine issue of material fact *through mere speculation* or the *building of one inference upon another*." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (emphasis added) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985); *see also Local Union 7107 v. Clinchfield Coal Co.*, 124 F.3d 639, 640 (4th Cir. 1997) ("Fanciful inferences and bald speculations of the sort no rational trier of fact would draw or engage in at trial need not be drawn or engaged in at summary judgment."); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) ("Unsupported speculation is not sufficient to defeat a summary judgment motion.").

In *Shirvinski v. United States Coast Guard*, the plaintiff alleged that two Coast Guard employees conspired to get him terminated by sending a defamatory email to his supervisors. 673 F.3d 308, 320 (4th Cir. 2012). In affirming the district court's grant of summary judgment, the United States Court of Appeals for the Fourth Circuit reasoned that the plaintiff had "offere[d] nothing more than sheer speculation to support [his] claim." *Id.* The Court relied in part on the plaintiff's deposition testimony, where he admitted that "he has no direct evidence that [one of the employees]" either "'played any role in any part of the drafting of' or 'had seen'" the allegedly defamatory email. *Id.* Given the lack of evidence, the Court explained that "the only way [it] could conclude that [the employees conspired with each other] is 'through mere speculation or the building of one inference upon another,' both of which are insufficient justifications for proceeding to trial." *Id.* (quoting *Othentec Ltd.*, 526 F.3d at 140).

9

In support of his claims, here, Plaintiff has proffered only Defendant Hersl's prior statement that he would "plant marijuana on Plaintiff if Ms. Brown did not provide [him] with a gun" and Detective Moss's prior statement that he would "put something on" Plaintiff "every time" he saw him. ECF No. 96 at 4-5. *Id.* at 4-5. In his view, these statements, which were made approximately three months and one month before Plaintiff's arrest, allow a jury to make the "reasonable inference that Defendant [Hersl] planted the gun" and lacked probable cause to arrest Plaintiff on the night in question. *Id.* at 5. Plaintiff also argues that the Court should disregard Detective Moss's affidavit, which is attached to Defendant Hersl's Motion for Summary Judgment, as his prior statement indicating that he would plant evidence on Plaintiff "calls into question [his] motives and credibility[.]" *Id.* at 4.

The Court will first address the value of Detective Moss's statement. Plaintiff asks this Court to infer that Defendant Hersl planted a firearm in a bush on October 2, 2007 because Detective Moss stated on September 20, 2007, that he would "put something on [Plaintiff]" every time that he saw him. ECF No. 96-5 at 6. This conclusion, however, can only be reached through the considerable "filling of the gaps" that the Fourth Circuit has held to be impermissible. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 423 (4th Cir. 1996) (holding a claim was "ripe for an adverse summary judgment determination" when "it was based upon a theory without proof" and dependent on "speculation and the piling of inferences"). Without corroborating evidence that Detective Moss ever acted on this threat (or conspired with Defendant Hersl to act on it), this Court cannot reach Plaintiff's desired conclusion.

Plaintiff also misconstrues his burden at the summary judgment stage by arguing that Detective Moss is not credible. ECF No. 96-1 at 4. When ruling on motions for summary judgment, "the court may not make credibility determinations." *Jennings v. Frostburg State Univ.*, No. ELH-

10

21-656, 2023 WL 4564577, at *8 (D.Md. July 17, 2023) (citing *Jacobs v. N.C. Admin Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015)). While Plaintiff questions Detective Moss's veracity, he has not presented any evidence to rebut the substance of Detective Moss's affidavit. Accordingly, the Court finds that this argument is not sufficient to defeat summary judgment.

Plaintiff also argues that this Court should infer that Defendant Hersl lacked probable cause to arrest Plaintiff as he threatened to "plant two pounds of weed (marijuana)" on Plaintiff several months prior to Plaintiff's arrest. ECF Nos. 96-1 at 5; 96-5 at 3. Yet again, however, the Court could only reach this conclusion "through mere speculation or the building or one inference upon another." *Othentec Ltd.*, 526 F.3d at 140. While Plaintiff has proffered evidence to demonstrate that Defendant Hersl made this egregious threat, he has not provided evidence suggesting that Defendant Hersl ever acted on the threat nor has he provided evidence to rebut Defendant Hersl's evidence that he observed Plaintiff "with a gun" and watched him "walk[] across the street" and place the firearm "near a bush." ECF No. 92-2 at 2. Therefore, the Court finds that Plaintiff has failed to "establish a genuine issue of material fact for trial." *Local Union 7107*, 124 F.3d at 640; *see also Graves v. Lioli*, 930 F.3d 307, 324 (4th Cir. 2019) ("To support her view, [the plaintiff] weaves mischaracterizations of the record with pure speculation to contend that a jury could infer that her allegations actually occurred. That is not a valid means of surviving summary judgment, which requires evidence, not unsupported conjecture.").

The other evidence advanced by Plaintiff likewise fails to suggest that Defendant Hersl planted the handgun behind the bush and therefore lacked probable cause to arrest Plaintiff. For example, Plaintiff attaches a portion of Defendant Hersl's deposition transcript in which he testifies that he would "never have to put anything on anyone in [Baltimore]" because the crime is "so predominate." ECF No. 96-2 at 4. Plaintiff also submits BPD's Internal Affairs Investigation

Report, which reveals that the only two witnesses to Plaintiff's arrest did not "see the officers with a gun or hear them state that they would plant a gun on [Plaintiff]" nor could they "see or hear the actions or conversations of" Plaintiff or Defendant Hersl. ECF No. 96-5 at 3-4.

In sum, Plaintiff has not presented evidence that would allow a reasonable jury to conclude that Defendant Hersl planted the Llama 9mm handgun and therefore did not have probable cause to arrest him. He concedes that he does not have "direct evidence" and neither of the statements that he identifies leads to the logical conclusion or inference that Defendant Hersl planted the Llama 9mm handgun on the night Plaintiff was arrested. ECF No. 96-1 at 4-5. *See Barwick v. Celotex Corp.*, 736 F.2d 946, 962 (4th Cir. 1984) (rejecting the plaintiff's "attempt[] to build one vague inference upon another vague inference to produce a factual issue"). Accordingly, because Plaintiff has failed to produce evidence that Defendant Hersl planted the Llama 9mm handgun, the Court finds that he has failed to generate a genuine dispute of material fact as to whether Defendant Hersl had probable cause to arrest him on October 2, 2007.

*Summary Judgment is Appropriate*

Although Plaintiff has failed to meet his burden of identifying "evidence showing there is a genuine dispute of material fact," *Brother Convenience Store, Inc.*, 2021 WL 3911594, at *10, the Court must still determine whether Defendant Hersl is entitled to judgment as a matter of law, *Secure Identity Sols., Inc. v. Maxwell*, No. TJS-10-0146, 2014 WL 6065964, at *2 (D.Md. Nov. 12, 2014) ("The Court must still, however, determine whether SIS is entitled to judgement as a matter of law based on the undisputed facts in the record.").

Here, Defendant Hersl has introduced undisputed evidence that he: (1) "saw [Plaintiff] arrive" on Bond Street; (2) recognized Plaintiff "as a result of his numerous contacts with law enforcement"; and (3) observed Plaintiff "walk[] across the street" and place a handgun "near a

bush." ECF No. 92-2 at 2. He has also proffered Plaintiff's interrogatories, in which Plaintiff states that he "recalls few details" of his arrest due to the "lapse of time." ECF No. 92-3 at 5. On this evidence, the Court concludes, as a matter of law, that Defendant Hersl had probable cause to arrest Plaintiff as he reasonably believed that Plaintiff was committing the crime of possession of a firearm. ECF No. 92-1 at 1.

Because Plaintiff's arrest was supported by probable cause, and therefore did not violate the Fourth Amendment, Plaintiff has failed to show that Defendant Hersl deprived him "of rights guaranteed by the Constitution or laws of the United States" as is required to prevail on a 42 U.S.C. § 1983 claim. Accordingly, the Court finds that summary judgment on Plaintiff's § 1983 claims—Counts I, II, and III—is appropriate. *See Yuman v. Dorchester Detention Cntr.*, No. GLR-16-3666, 2016 WL 6947019, at *1 (D.Md. Nov. 28, 2016) ("To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must demonstrate a deprivation of rights guaranteed by the Constitution or laws of the United States[.]"); *Anderson*, 477 U.S. at 252 (Summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law").

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant Hersl's Motion for Summary Judgment (ECF No. 92) is GRANTED. A separate Order will follow.

Date: 20 July 2023

A. David Copperthite
United States Magistrate Judge

13